and the Council for Appellate in this case is Megan Moore, I believe, and the Council for Appellate is Paulette Stewart. Good afternoon, Your Honor. Good afternoon. Now that we've got the counsel identified, let me repeat my commendation to counsel at the start of the last case. This whole business of remote arguments is difficult for the it's also difficult for the advocates and we appreciate your appearing here before us and doing what whatever had to be done so that the court could proceed with its arguments. So thank you for that. We'll now proceed with the argument of appellant. Thank you, Your Honors. Good afternoon and may it please the court. My name is Megan Moore and I represent the appellant Brandon Best Gordon in this case. I'd like to reserve two minutes of my time for rebuttal and I'll try to be conscious of that with the timer here. Today the court considers whether the federal rules of evidence, specifically rules 403 and 404B, present the government from introducing evidence of drug activity into a trial for possession of firearms. And I submit that those rules do present, do prevent, excuse me, the introduction of that evidence. In this case, Mr. Gordon prior to his trial moved to the district court to exclude evidence of any drug activity under 404B because it is not related to the charges for which he was on trial, which again were felon in possession of a firearm and possession of stolen firearms. He argued that the evidence was overly prejudicial and again unrelated to the charges for which he was on trial. What was the defense he offered to the firearms charge? Your Honor, the defense he offers is the firearms did not belong to him. When he was pulled over and the firearms were discovered, he was in the car, another person, the driver and owner of the car submitted that he did not know that the firearms were in the container in which they were located within the car and that they did not belong to him. He doesn't question that he was in the car. It's basically he was in the car, another person was in the car, the firearms were in the car. The firearms were presumably possessed by one or both, but potentially just one of those two. Is that my understanding of the defense? Is that correct? I believe so, Your Honor. Yes. Then why isn't the the drug-related reference pertinent to support the government's argument that it was the defendant who was linked to that firearm, not the driver of the car? Well, Your Honor, the drug evidence is not relevant. Well, I guess I shouldn't say it's overly prejudicial. Well, how is it prejudicial? Begin with the prejudicial part is what really triggered the question, because I don't really understand the prejudice. It's not like he's saying, well, it wasn't me. They're trying to wrap me into this thing because they're painting me with a drug brush, but it wasn't me. He's not saying that. He acknowledges he was in the car, and so I don't really understand what's the reference to drugs, particularly in contrast to the government's argument that the drug connection is what points the arrow toward him as opposed to the other occupant of the vehicle. So I guess there are two questions there. What makes it prejudicial, and why isn't it pertinent to the claim that he was the one who possessed the firearm, not the other person? Your Honor, what makes it prejudicial is that he was not involved with any drug offenses, and when a jury hears drug offenses, that constitutes a different act from what he was charged. That's another act, another wrong, another action that's covered under Rule 404B, and so it was not necessary for the jury to hear that drugs were involved in order for them to prove the elements of the crime charged. Well, that doesn't really explain to me why he's prejudiced, though. I mean, the question I pose is, how does this blacken him as distinguished from the other person who was in the same car? It's one or both of those two, and a drug connection can be made to both of them. So it's not like there's some third party who's really involved, and your client is blackened by this reference to drugs. It's one of these two people. Got to be. And so what's the prejudice of the drug reference? Your doesn't blacken his character when he's not charged with drugs. How does he blacken it as compared to the other occupant of the vehicle? That's my point. It's one of the two. And as I recall, it was a she. She could be blackened by that, too. So that doesn't seem to me to prejudice him in particular as against the other possible culprit. Correct, Your Honor. Well, if that is correct, then I'm baffled as to what the prejudice is, because he's not painted any blacker than she could have been. The drug reference itself is of limited interest. And then you get to the second part, and I want to make sure you have time to speak to that, too, because it seems to me there is a logical connection between the story told by the government as to why it was your client possessed the gun, why he was the one that possessed the gun. Your Honor, could you clarify? I guess I'm a little confused as to which point you would like me to address now. Well, I didn't hear a very satisfying answer for the first. I want to make sure you get to the second. From there, you're free to do it in the sequence. But I think so far I'm not hearing a lot for the first. So I hope at some point maybe I'll hear more for the second. But if you want to offer more for the first, please do. Okay. And I guess I should clarify that I wasn't acquiescing that there was no one or two people, you know, one of the two people in the car that were involved in drugs. My position is that the reference was prejudicial. And to address the second part of that question, it's prejudicial because the link doesn't meet the standard for the introduction of that evidence as inextricably linked to a part of the underlying commission of the alleged crimes. That evidence can be inextricably linked in certain circumstances. It just wasn't met here. The government's theory was that the guns were in the car to go pay an alleged drug debt. But there was no testimony that the guns were intended to pay the drug debt. The testimony was that there was money in the car that was potentially going to pay a drug debt. But there was no reference to guns. So link just doesn't get close enough under the standards that have been set by this court for the introduction of that evidence over Rule 404B. Counsel, Judge Gould, if I could interject for a moment. I thought the government was arguing, at least in part, that the guns could show evidence of plan, motive, and knowledge. If I'm correct in that, what's your answer to that? Your Honor, I do believe that you're correct that the government posited that the guns were to show plan, intent, or knowledge. However, this court has specifically held in United States v. Johnson, which is a 2006 case, that motive, preparation, plan, or knowledge is not required to prove a firearms charge, specifically felon in possession of a firearm in that case. There's no specific criminal intent element to these statutes, and this court has specifically said that they're not intended to be read that way. But motive, I mean, most statutes don't have motive as an element, but the government is still allowed to introduce evidence of it as part of the story it the jury. So why would this be different? Again, I'm relying on United States v. Johnson, that case where this court specifically said that motive is not an intent. The statute requires that the defendant knowingly possess, but evidence relating to why or what the plan was is not required to be proven, and in fact shouldn't be introduced when it is more prejudicial than probative. Well, okay, so I mean, I agree with you. I guess I agree with you on both parts of that. It's not required to be proven. It shouldn't be introduced if it fails 403, because it's more prejudicial than probative. But what I'm not getting is why under 404b it can't come in. The government doesn't have to prove motive, but if they feel that it's helpful in proving their case, they can do that. And at least says that they can introduce evidence of other acts in order to do that, doesn't it? It does, and they can if they are inextricably linked, and if the government cannot prove its case absent the introduction of that evidence. That's not the case here. The government could have proven the elements of possession or constructive possession even without introducing this theory of and only served to prejudice him. And I'm running low on time, Your Honor, so I am just going to conclude by saying that at the end of the day, all of this evidence also has to be relevant and overly probative. And if not, there was no link that the government can definitively establish that Mr. Gordon was possessing these guns for the purposes of drug activity. The peripheral drug activity its only purpose was to paint him as a criminal, which is specifically prohibited by 404b. And for those reasons, the court should reverse the district court's order and reverse Mr. Gordon's conviction. Thank you, Ms. Barnow. Even though you've used up your time, I'm going to give you two minutes for rebuttal. Thank you, Your Honor. And if the counsel for the government needs an extra two minutes, they can have it as well. Go ahead. Thank you, Your Honor. May it please the court. Paulette Stewart with the United States Attorney's Office for the District of Montana. I am located in the Helena office for the United States. It is the government's position that both the district court and the trial court were correct and did not abuse their discretion in allowing the evidence regarding drug activity. And our theory is that the two categories of interstricably intertwined evidence apply in this case. That number one, the drug activity was a part of the same transaction. And two, it was necessary to tell a coherent and comprehensive story in order to explain the circumstances of how the evidence was obtained and the events surrounding the commission of the crime in this case. Because directly relevant to all of this information is the knowing possession of the firearms in this case. The knowing possession of the backpack where the firearms were held. Because Mr. Gordon's nothing in this car is mine. And so as a result of that, we've got to put this in the context. Not tell this case in a vacuum. His own statements undermined his defense that nothing in the car was his. You know, that his explanation that he was headed to billings of he's in the car. And it allows the witnesses to actually tell their story, which started in this case with a 911 call. So in this case, the interstricably intertwined evidence actually kicks us out of the 404B world. Because as this is committed as a single, as part of a single criminal episode, become other acts simply because the defendant is indicted for less than all his criminal actions. So it's our position that in this case, the drug activity is what started and triggered the investigation in the search. The drugs and paraphernalia and the guns are all in the same container, which is the possession of these guns was then headed toward basically payment. And like I said, when I got started, it directly rebuts the defendant's theory that nothing in this car is his. So without questions from the court, I'm going to rest on the briefs that the evidence that we put forth was admissible, neither the district court nor the trial court abused their discretion. And we'll ask this court to affirm the conviction. Okay, thanks, Judge Clifton or Judge Miller. Any questions? The panel has no questions. Thank you. Thank you. So we'll proceed back to Ms. Moore. Thank you, Your Honor. You get the full two minutes rebuttal, which is sort of a pandemic bonus. I appreciate that very much. I'll be quick to address a couple of the government's points. And that the evidence was obtained as a result of drug activity. That's not necessarily true. This investigation began as a result of a 911 call by a business owner who reported that a car was circling her coffee shop. They'd been in the parking lot for a while, that she had seen someone get into the car. It didn't necessarily implicate any drug activity. This investigation kicked off again, because there was a suspicious vehicle. But that's not necessarily indicative. And it didn't necessarily imply to the jury that drugs were involved. Secondly, to address the standard of inextricably intertwined, the government referenced the Williams case. The example of inextricably intertwined in that case is the sale of cocaine and crank, both drugs. Only cocaine was charged in that case. And the court ruled that the evidence of the crank as well was admissible, because it was part of the same transaction. In that case, drugs were already involved. The jury was going to hear about drugs either way. And so it was not overly prejudicial, because again, it was the same materials, the same types of things, the same criminal activity. In this case, guns and drugs are different things. And regardless of criminality of both, the aggregate effect of knowing that somebody is involved in a criminal allegation of gun possession, as well as a criminal allegation of drug possession, when the drugs were not charged and are not relevant and don't need to be proven in order to prove the conduct that was actually charged, does create an overt amount of prejudice. I'll rest on that. Thank you, Your Honor. Thank you, counsel. I'm going to again commend counsel on both sides of the case for their very helpful advocacy. As an aside, I've never had a case where Montana counsel failed to make excellent advocates arguments. We appreciate it so that therefore the case will now be submitted. And we'll proceed to the
judges: Gould, Clifton, Miller